SH

**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Victor Pianka,<br><br>            Petitioner,<br><br>v.<br><br>Charles De La Rosa, et al.,<br><br>           Respondents. | No.  CV 14-2445-PHX-DGC (MHB)<br><br><br>**ORDER** |

      On November 4, 2014, Petitioner Victor Pianka, who is confined in the Eloy Detention Center, filed a *pro se* Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 an Application to Proceed *In Forma Pauperis*, and a Motion to Appoint Counsel. On November 17, 2014, the Court denied the deficient Application to Proceed and gave Petitioner 30 days to either pay the $5.00 filing fee or file a complete Application to Proceed.  On November 19, 2014, Petitioner paid the filing fee.  In a December 17, 2014 Order, the Court dismissed the Petition with leave to amend because Petitioner had failed to sufficiently allege that he met the "in custody" requirement of § 2254.  The Court gave Petitioner 30 days to file an amended petition.  On January 13, 2015, Petitioner filed his First Amended Petition (Doc. 8).  The Court will dismiss the First Amended Petition and this case.

**I.      First Amended Petition**

After pleading guilty, Petitioner was convicted in the Phoenix Municipal Court, case #M-0741-4407649[1] of shoplifting and was sentenced to a term of imprisonment of ten days, time served.[2] Petitioner names Warden Charles De La Rosa as Respondent and names the Arizona Attorney General as an additional Respondent. Petitioner raises nine grounds for relief: (1) "Ineffective assistance of counsel in advising of immigration consequences"; (2) actual innocence; (3) defense counsel coerced Petitioner into pleading guilty; (4) the judges who ruled on Petitioner's post-conviction relief petitions "used pre-drafted denial decisions" and "did not actually write the decisions they submitted"; (5) defense counsel had a conflict of interest in representing Petitioner; (6) the prosecution did not disclose Petitioner's criminal history to defense counsel, which led to defense counsel misadvising Petitioner of the immigration consequences of Petitioner's guilty plea; (7) Petitioner's Fourth Amendment rights were violated because he was "innocent of [the] crime, so there was no reason why he should have been seized or arrested"; (8) "McLaughlin Rule was violated and le[]d to a coerced guilty plea"; and (9) "Past coerced guilty plea influenced [Petitioner] to plea[d] gui[lt]y again."

**II.     The "In Custody" Requirement of § 2254**

Federal habeas relief under § 2254 is available "only on the ground that [an inmate] is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). The United States Supreme Court has interpreted "the statutory language as requiring that the habeas petitioner be 'in custody' under the conviction or sentence under attack at the time his petition is filed," although he need not be physically confined to challenge a sentence on habeas corpus. *Maleng v. Cook*, 490 U.S. 488, 491 (1989) (an expired conviction can never satisfy the "in custody"

---

[1] Petitioner lists the case number as 2011-902-1245, but online records reveal that this is the citation number, rather than the case number. *See* http://apps.supremecourt.az.gov/publicaccess/caselookup.aspx (last visited Feb. 26, 2015).

[2] *See* http://apps.supremecourt.az.gov/publicaccess/caselookup.aspx (Feb. 26, 2015).

requirement, even if it is used to enhance a subsequent sentence); *Chaker v. Crogan*, 428 F.3d 1215, 1219 (9th Cir. 2005) (petitioner was "in custody" while he remained subject to probation under the conviction or sentence at the time he filed his habeas petition); *Fowler v. Sacramento County Sheriff's Dep't*, 421 F.3d 1027, 1033 (9th Cir. 2005). "A criminal sentence – unlike the underlying convictions . . . – carries no presumption of collateral consequences. Thus, a habeas [corpus] petitioner must show 'some concrete and continuing injury other than the now-ended incarceration or parole . . . if the suit is to be maintained.'" *Maciel v. Cate*, 731 F.3d 928, 931 (9th Cir. 2013) (quoting *Spencer v. Kemna*, 523 U.S. 1, 7 (1998)).

The Court lacks subject matter jurisdiction over this action because it was initiated after Petitioner's sentence had fully expired. Petitioner was sentenced to time served in 2011. He did not initiate this action until three years later, on November 4, 2014. Accordingly, he was not "in custody" with respect to his state court conviction when he initiated this action.

Petitioner claims that he faces "previously unknown fatal immigration consequences" and therefore he "continues to suffer injury even though incarceration ended." The fact that Petitioner was in federal custody when he initiated this action, and is currently in federal custody, makes no difference in terms of whether the Court has subject matter jurisdiction over Petitioner's challenge to his expired state sentence. "The collateral consequences of [a] conviction are not themselves sufficient to render an individual 'in custody' for the purposes of a habeas attack upon [the conviction]." *Maleng,* 490 U.S. at 492. Moreover, the Ninth Circuit has held that the immigration consequences of a state court conviction constitute collateral consequences for purposes of determining whether or not subject matter jurisdiction is lacking. *Resendiz v. Kovenski*, 416 F.3d 952, 957 (9th Cir.2005) (finding that an immigration detainee facing deportation because of state conviction is not in state custody for purposes of § 2254), *abrogated on other grounds by Chaidez v. United States*, ___ U.S. ___, 133 S.Ct. 1103, 185 L.Ed.2d 149 (2013). Because Petitioner has not satisfied the "in

1 custody" requirement of § 2254, the Court will dismiss the First Amended Petition and
2 this case.
3 **IT IS ORDERED:**
4     (1)    Petitioner's First Amended Petition (Doc. 8) and this case are **dismissed**.
5     (2)    The Clerk of Court must enter judgment accordingly and close this case.
6     (3)    Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases, in the
7 event Petitioner files an appeal, the Court declines to issue a certificate of appealability
8 because reasonable jurists would not find the Court's procedural ruling debatable. *See*
9 *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).
10 Dated this 16th day of March, 2015.

*[signature]*
David G. Campbell
United States District Judge